IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL LEE KOUGH, JR., ) | |
| ) | |
| Plaintiff, ) | 3:23-cv-62 |
| ) | |
| v. ) | District Judge Stephanie L. Haines |
| ) | Magistrate Judge Kezia O. Taylor |
| ) | |
| JOHN TRAMARKI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff, Russell Lee Kough, filed a civil rights suit, *pro se,* for incidents that occurred while he was incarcerated at Cambria County Prison. Plaintiff complains of receiving second-degree burns that he received from the heater in the prison van while he was on transport despite complaints to the escort guards, John Tramarki and Devon Nagle. Upon return to Cambria County Prison, he claims that he did not receive the necessary care for the burns and contracted MRSA which was not addressed promptly by the medical staff, including defendant Dr. Camacho. Plaintiff states Eighth Amendment claims against Tramarki, Nagle, Comacho, Christian Smith, the Superintendent of Cambria County, and the Cambria County Nursing Staff.[1]

Motions to Dismiss were filed by Tramarki, Nagle, and Smith (ECF No. 41) and Comacho (ECF No. 48). Plaintiff first filed a Response in Opposition (ECF No. 47) but later responded to both motions (ECF No. 52). This case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court.

---

[1] The members of the Nursing Staff are not identified and are not represented by counsel.

On April 8, 2024, the Magistrate Judge filed a Report and Recommendation (ECF No. 57) recommending that Tramarki, Nagle, and Smith's Motion to Dismiss be granted in part and denied in part as follows:

- The Motion is granted in its entirety against defendant Smith.

- The Motion to Dismiss the Eighth Amendment claim for deliberate indifference to a serious medical need against Tramarki is granted;

- The Motion to Dismiss the Eighth Amendment claim for deliberate indifference to inmate health or safety against Tramarki and Nagle is denied;

- The Motion to Dismiss any negligence claim against Tramarki and Nagle is denied without prejudice and it may be raised again after the factual record has been developed;

- Defendants' claim of qualified immunity should be granted as to Tramarki only as it relates to Plaintiff's Eighth Amendment claim of deliberate indifference to a serious medical need; and

- Defendants' claim of qualified immunity by Tramarki and Nagle is denied without prejudice as it pertains to Plaintiff's Eighth Amendment claim for deliberate indifference to inmate health or safety and it may be raised again after the factual record has been developed.

In addition, the Magistrate Judge recommended that Camacho's Motion to Dismiss be granted without prejudice, offering the Plaintiff an opportunity to supplement his Second Amended Complaint within 30 days of this order. If Plaintiff fails to file a supplement, the claims against defendant Camacho will be dismissed with prejudice.

Accordingly, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the following ORDER is entered:

AND NOW, this 20th day of May, 2024,

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 41) is granted in part and denied in part as described above; and

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 48) is granted without prejudice as described above; and

IT IS FURTHER ORDERED that the Report and Recommendation (ECF No. 57), filed by the Magistrate Judge on April 8, 2024, is adopted as the Opinion of the Court.

The Clerk of Court shall terminate defendant Smith.

BY THE COURT:

Stephanie L. Haines
United States District Judge

cc: All Registered ECF Counsel and
via first-class mail to Plaintiff at his
address of record