IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL LEE KOUGH, JR., ) | |
| ) | |
| *Plaintiff*, ) | No. 3:23-cv-00062 |
| ) | |
| v. ) | District Judge Stephanie L. Haines |
| ) | Magistrate Judge Kezia O.L. Taylor |
| JOHN TRAMARKI, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM OPINION**

### A. **Procedural History**

Plaintiff Russell Kough ("Plaintiff") initiated this *pro se* prisoner civil rights action on April 6, 2023. (ECF No. 1). After several attempts to proceed informa pauperis (ECF Nos. 1, 5, 7, 10), he was granted leave to proceed *in forma pauperis* on June 15, 2023 (ECF No. 13), and his Complaint was docketed the same day. (ECF No. 15). Plaintiff filed an Amended Complaint on July 5, 2023 (ECF No. 18), and a Second Amended Complaint (ECF No. 37) on November 3, 2023. Motions to Dismiss were filed (ECF Nos. 41, 48), and were fully Briefed with Plaintiff filing Responses to each (ECF Nos. 47, 52). Magistrate Judge Kezia O. L. Taylor issued a Report and Recommendation (ECF No. 57), granting in part and denying in part the Motions to Dismiss. The result of the Report and Recommendation was as follows:

- The Motion is granted in its entirety against defendant Smith.

- The Motion to Dismiss the Eighth Amendment claim for deliberate indifference to a serious medical need against Tramarki is granted;

- The Motion to Dismiss the Eighth Amendment claim for deliberate indifference to inmate health or safety against Tramarki and Nagle is denied;

1

- The Motion to Dismiss any negligence claim against Tramarki and Nagle is denied without prejudice and it may be raised again after the factual record has been developed;

- Defendants' claim of qualified immunity should be granted as to Tramarki only as it relates to Plaintiff's Eighth Amendment claim of deliberate indifference to a serious medical need; and

- Defendants' claim of qualified immunity by Tramarki and Nagle is denied without prejudice as it pertains to Plaintiff's Eighth Amendment claim for deliberate indifference to inmate health or safety and it may be raised again after the factual record has been developed.

In addition, the Magistrate Judge recommended that Camacho's Motion to Dismiss be granted without prejudice, offering Plaintiff an opportunity to supplement his Second Amended Complaint within 30 days. The Report and Recommendation was adopted as the opinion of the Court (ECF No. 61).[1]

Motions for Summary Judgment were filed by Defendants Nagle and Tramarki (ECF No. 68) and Defendant Camacho (ECF No. 71). The Court ordered Plaintiff to respond to the motions by September 11, 2024 (ECF No. 74). He did not do so. On September 25, 2024, the Court issued an Order to Show Cause (ECF No. 75) why the case should not be dismissed for failure to prosecute insofar that the Plaintiff had not responded to the pending motions for summary judgment. Plaintiff was provided with an extension to October 25, 2024, to respond or else the case would be dismissed. Plaintiff again did not respond, and on November 25, 2024, the Court issued a Report and Recommendation (ECF No. 76) recommending the case be dismissed for failure to prosecute.[2] On December 6, 2024, Plaintiff moved to Appoint Counsel (ECF No. 77). That Motion was denied (ECF No. 78). Having seen the Plaintiff's remaining interest in the case

---

[1] The Court notes that Plaintiff supplemented his Complaint (ECF No. 58), seemingly adding additional named nurse defendants. The Court issued an Order (ECF No. 63) that if it is the Plaintiffs intent to substitute the named individual nurses for Defendant "Nursing Staff Assigned to Cambria County Prison" he needs to file a motion stating such, else he risks potential dismissal of the Defendant. Plaintiff never complied with the Court's Order.

[2] Given the intervening Rule to Show Cause (ECF No. 79) issued by District Court Judge Haines, the Court is now issuing this full Memorandum Opinion instead of an Order on the Report and Recommendation (ECF No. 76). However, this Memorandum Opinion fully agrees with the Report and Recommendation of Magistrate Judge Taylor.

the Court afforded him one last opportunity to respond to the pending motions for summary judgment (ECF No. 79) with a deadline of January 12, 2025. To date Plaintiff has failed to respond and as of today, the Court has received no further correspondence from Plaintiff.

B. **Standard**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b).").

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100 at 103 (quoting *Briscoe*, 538 F.3d at 258). Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" *Id.* (quoting Briscoe, 538 F.3d at 258).

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 867-68, 869 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). "Cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132.

C. **Application of the *Poulis* Factors**

1. **The extent of the party's personal responsibility.**

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994). In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility." *Hildebrand*, 923 F.3d at 133 (citing *Poulis*, 747 F.2d at 868). A plaintiff is not conjecturally responsible for her counsel's delay. *Id.* Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'" *Id.* at 138 (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

Plaintiff is proceeding *pro se*, so it is his responsibility to comply with orders and keep current his address of record. Thus, this factor weighs in favor of dismissal.

2. **Prejudice to the adversary.**

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive. *Hildebrand*, 923 F.3d. at 134. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'" *Id.* (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). A party is not required "to show 'irremediable' harm for [this factor] to weigh in favor of dismissal." *Id.* (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal. *Id.* (citation omitted).

Here, the ability to gather facts and documents to defend this case will diminish with the passage of time. Therefore, Defendants could suffer prejudice if the case were not to proceed in a timely manner. This case is nearing two years since it was first instituted. Thus, this factor weighs marginally in favor of dismissal.

### 3. A history of dilatoriness.

A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams*, 29 F.3d at 874. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. *Hildebrand,* 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. *Adams*, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial ... It is quite sufficient if [he/she] does nothing ...." *Id.* at 875 (citation omitted).

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" *Hildebrand*, 923 F.3d at 135

(quoting *Adams*, 29 F.3d at 875). Thus, where a plaintiff has not been previously delinquent the weight given to even a long delay should be mitigated. *Id.*

Plaintiff has a history of dilatoriness. Plaintiff was provided three opportunities to comply with the Court's orders to respond to the motions for summary judgment. The Court has no indication that he did not receive the orders. Further, the Plaintiff ignored the Court's order to substitute defendants. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not desire to proceed with this action in any appropriate fashion. Thus, this factor weighs in favor of dismissal.

4. **Whether the party's conduct was willful or in bad faith.**

In determining if plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Id.* (citing *Scarborough*, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' *id.* at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135.

Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id.* at 136.

There is no indication on this record that Plaintiff's failure to respond was the result of any excusable neglect. In fact, there is evidence of willful disregard of the Court's orders because

Plaintiff moved to Appoint Counsel (ECF No. 77), instead of following the Court's directive. Therefore, this factor weighs in favor of dismissal.

5. **Effectiveness of sanctions other than dismissal.**

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." *Id.* (citing *Briscoe*, 538 F.3d at 262). The court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." *Id.* In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (citations omitted). "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. They are not required to be "completely ameliorative." *Id.*

Plaintiff is proceeding *in forma pauperis* so it is unlikely that any sanction imposing costs or fees upon him would be effective. Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal.

6. **Meritoriousness of claim or defense.**

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" *Adams*, 29 F.3d at 876. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, applies in a *Poulis* analysis. *Id.* at 869-70.

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the

7

> misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." (*Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (citation omitted)]; *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18, (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

When considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

Plaintiff complains of receiving second-degree burns that he received from the heater in the prison van while he was on transport despite complaints to the escort guards, John Tramarki and Devon Nagle. Upon return to Cambria County Prison, he claims that he did not receive the necessary care for the burns and contracted MRSA which was not addressed promptly by the medical staff, including defendant Dr. Camacho. Plaintiff states Eighth Amendment claims against Tramarki, Nagle, Comacho, Christian Smith (dismissed), the Superintendent of Cambria County (dismissed), and the Cambria County Nursing Staff (not identified). It appears that Plaintiff's allegations primarily sound in negligence and do not rise to the level of a constitutional violation. There is also a question of whether Plaintiff exhausted his administrative remedies. Therefore, this factor, too, weighs in favor of dismissal.

Given that the majority of the *Poulis* factors weigh in favor of dismissal, the Court will dismiss this action for Plaintiff's failure to prosecute. An appropriate Order follows.

## ORDER

AND NOW, this 27th day of January, 2025, IT IS HEREBY ORDERED that this case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

_____
Stephanie L. Haines
United States District Judge

Cc: Russell Lee Kough, Jr.
363 Duman Road
Ebensburg, PA 15931

Counsel for Defendants
(Via CM/ECF electronic mail)